THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| ANGEL MARIE LUCAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:15-0626 |
| ) | |
| MICHAEL FRANCIS, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Respondent's Motion for Summary Judgment (Document No. 16), filed on April 23, 2015, by Benjamin Freeman, Assistant Attorney General. Petitioner filed her Responses on July 31, 2015, and August 17, 2015. (Document Nos. 18 and 19.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court grant Respondent's Motion for Summary Judgment

**PROCEDURAL HISTORY**

1.   **Underlying Criminal Charges:**

By Criminal Complaint dated April 9, 2014, Petitioner was charged in Cabell County, West Virginia, with two counts of Wanton Endangerment in violation of West Virginia Code § 61-7-12. State v. Lucas, Criminal Action Nos. 14-F-529 and 14-F-530; (Document No. 16-1, pp. 10 - 12.) Following her arrest on the foregoing charges, Petitioner posted bond and was released on home confinement on April 22, 2014. (Id., pp. 14 - 21.)

By Criminal Complaint dated October 1, 2014, Petitioner was charged in Cabell County, West Virginia, with committing the offense of child abuse resulting in injury in violation of West Virginia Code § 61-8D-3c. State v. Lucas, Criminal Action No. 14-F-1752; (Id., p. 4.) On October

31, 2014, the Circuit Court of Cabell County revoked Petitioner's home confinement. State v. Lucas, Criminal Action No. 14-B-327; (Id., p. 23.) On December 2, 2014, the Grand Jury of Cabell County, West Virginia, returned an Indictment against Petitioner charging her with Child Abuse in violation of West Virginia Code § 61-7D-3c. State v. Lucas, Criminal Action No. 14-F-515 (Cir. Ct. Cabell Co.); (Id., p. 6.) Petitioner was arraigned on December 22, 2014. (Id., p. 8.) On May 21, 2015, Petitioner entered a "Kennedy Plea" of guilty to the misdemeanor offense of Child Abuse in Case No. 14-F-515. (Document No. 18, pp. 8 - 10.) On the same day, the Circuit Court sentenced Petitioner "to the Western Regional Jail for a period of six (6) months with credit for time served." (Id.)

By Criminal Complaint dated March 19, 2015, Petitioner was charged in Raleigh County, West Virginia, with assaulting three correctional officers at the Southern Regional Jail in violation of West Virginia Code § 61-2-10b. State v. Lucas, Criminal Action Nos. 15-M-1102, 15-M-1103, and 15-M-1104; (Id., p. 25 - 26.)

**2.     Federal *Habeas* Petition:**

On January 14, 2015, Petitioner, an inmate formerly incarcerated that the Southwestern Regional Jail, and acting *pro se*, filed her Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody.[1] (Document No. 1.) Petitioner alleges the following grounds for *habeas* relief:

>   1.    48 Hour Rule:
>         I was detained for a month and the courts still lack evidence. I was

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they will be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

intimidated and had to sign a contract with home confinement in order to go home. The officers did not let me sign the contract the best way I know how. I was an involuntary participant. I also asked the umpire (judge) to drop home confinement because I have children and businesses that I need to take care of. My home was broke into and everything I'd owned was stolen.

\* \* \*

The two counts of wanton endangerment is made up. I shot my weapon one time at a man that just shot inside the vehicle I was traveling. He shot my third-party in the head. I feared for my life. I also carry a permit to carry a pistol. At the preliminary hearing, I told the counsel they assigned me that I wanted my hearing. He . . . stated I wasn't going to go home [and] told me to waive it. At that time in my life I was very vulnerable, my third-party had died at the hospital; he was my boyfriend who had just asked me to marry him. I don't think the witnesses who allegedly said I shot by them, or at them, were ever at court. I don't think they will ever show because I really do think the officers fabricated something.

My family is tore all apart. My $3,500.00 grill (smoker), clothes, living room set, and etc. were stolen due to my arrest and I wasn't at my home. My business has went down.

\* \* \*

I was re-arrested on the 1st of October, 2014. I had asked for a presentence habeas corpus form. The counselor at the jail claimed they did not have any. I also have notice I made a claim on the 2nd of December 2014. On the 3rd of December, 2014, an Indictment was filed. As I overlooked the True Bill, it has an assumed name. The Court did a video hearing to tell me I was indicted under this assumed name. I also told them I did not understand the charge. I never received anything on the wanton endangerment pending charge. Please look over the case. My lawful issues heirs need me. I don't have the time to diddle. Thank you.

2.      <u>I have wrote letters to the umpire:</u>

I could not receive a pretrial habeas corpus from Western Regional Jail nor Southwestern Regional Jail.

3.      <u>Errors by CPS:</u>

The CPS did not take [A.N.] to the hospital to determine abuse. The CPS did not talk with staff at his school to understand his character. The neighbors gave positive statements about me. They were never in the CPS paperwork. The 16th of October, my boy tried to kill himself in school. [A.H.] stated that he said those things about me because he thought the CPS was going to take him to Juvenile with her. [A.H.] was in juvenile, it was also a unlawful arrest. So [A.N.] thought it was his fault that she went to juvenile because he ran out of the school when I was illegally detained. He was upset, so CPS got involved but ended up dropping the case. The police or school said that my lawful issues were at home by themselves and I was jail.

(Id.) As relief, Petitioner requests the following: "My lawful issues to be free; my finger prints and pictures to be off the 'black code;' my $1,000 be returned in coin; and up to $75,000.00 per human being that's x's 4."[2] (Id., p. 18.)

By Order entered on March 20, 2015, the undersigned directed Respondent to file a Response to Petitioner's Petition. (Document No. 10.) On April 23, 2015, Respondent filed his Response and Motion for Summary Judgment. (Document Nos. 15 and 16.) In Response, Respondent argues that Petitioner's Petition must be dismissed based on the following: (1) "The Petitioner is not entitled to a Writ of Habeas Corpus under 28 U.S.C. § 2241" (Document No. 15, pp. 3 - 6.); and (2) "The Petitioner is not entitled to a Writ of Habeas Corpus under 28 U.S.C. § 2254" (Id., pp. 6 - 7.).

As Exhibits, Respondent attaches the following: (1) A copy of Petitioner's "Offender Information" from the West Virginia Regional Jail Authority (Document No. 16-1, p. 2.); (2) A copy of Petitioner's Criminal Complaint dated October 1, 2014, involving the charge of Child Abuse Resulting in Injury (Case No. 14-F-1752) (Id., p. 4.); (3) A copy of the Indictment filed on December 2, 2014, charging Petitioner with Child Abuse (Case No. 14-F-515) (Id., p. 6.); (4) A copy of Petitioner's Arraignment Order as filed on January 5, 2015, in Case No. 14-F-515 (Id., p. 8.); (5) A copy of Petitioner's Criminal Complaints dated April 9, 2014, involving the charges of Wanton Endangerment (Case Nos. 14-F-529 and 14-F-530) (Id., pp. 10 and 12.); (6) A copy of Petitioner's bond documents dated April 22, 2014, as filed in Case Nos. 14-F-529 and 14-F-530 (Id., pp. 14 - 15.); (7) A copy of Circuit Court's Order dated May 5, 2014, regarding Petitioner's release on home

---

[2] Although Petitioner does not specifically request her release from custody, the undersigned notes that such a request would be moot. A search of the West Virginia Regional Jail Authority and Department of Correction's Inmate Locator indicates that Petitioner has been released from custody.

4

confinement as filed in Case Nos. 14-F-529 and 14-F-530 (Id., pp. 17 - 21.); (8) A copy of the Circuit Court's Order dated October 31, 2014, regarding the revocation of Petitioner's home confinement as filed in Case No. 14-B-327 (Id., p. 23.); and (9) A copy of Petitioner's Criminal Complaint dated March 19, 2015, involving the charges of assaulting three correctional officers (Case No. 15-M-1102, 15-M-1103, 15-M-1104) (Id., pp. 25 - 26.).

On April 24, 2015, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising her of her right to file a response to Respondent's Motion for Summary Judgment. (Document No. 17.) On July 31, 2015, Petitioner filed a letter with the Court attaching additional documents in support of her Petition. (Document No. 18.) Petitioner states that she "has been set up and the courthouse is holding [her] to become a witness for the State. (Id., p. 3.) Petitioner further states that she was falsely arrested and has been improperly detained since April 9, 2014. (Id., pp. 3 - 4.) Petitioner complains that the Court improperly placed her son in a mental hospital for unnecessary treatment.[3] (Id.) As Exhibits, Petitioner attaches the following: (1) A copy of a letter dated March 4, 2015, from Randall D. Mann, Inmate Relations with the West Virginia Regional Jail Authority, addressed to Petitioner (Id., p. 5.); (2) A copy of the Circuit Court's Order filed July 14, 2015, denying Petitioner's Motion to Dismiss in Case No. 14-B-327 (Id., pp. 6 - 7.); and (3) A copy of Petitioner's "Kennedy Plea and Sentencing Order" as filed in Case No. 14-F-515 (Id., pp. 8 - 10.).

---

[3] Petitioner asserted similar claims in Civil Action Nos. 3:14-cv-29289. By Proposed Findings and Recommendations entered on March 16, 2015, United States Magistrate Judge Cheryl A. Eifert recommended that Petitioner's Complaint be dismissed for failure to state a claim. (Civil Action No. 3:14-29289, Document No. 17.) By Memorandum Opinion and Order filed on April 10, 2015, United States District Judge Robert C. Chambers adopted Judge Eifert's recommendation and dismissed Petitioner's Complaint. (*Id.*, Document Nos. 18 and 19.)

On August 17, 2015, Petitioner filed "Facts and Information" stating that she was falsely arrested on August 12, 2014. (Document No. 19, pp. 1 - 2.) Petitioner further complains that her "lawful issue heir girl was illegally detained at a juvenile detention center when [she] was detained at WRJ." (Id., p. 2.) Petitioner further states that she was false accused of beating her son. (Id., p. 3.)

## DISCUSSION

**1.     Section 2241 Challenge to Charges of Wanton Endangerment:**

Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). State and Federal Court pretrial detainees may properly resort to Section 2241 for relief. Davis v. South Carolina, 2008 WL 154126 (D.S.C.)("[P]etitions for federal habeas corpus relief by pretrial detainees can be brought under 28 U.S.C. § 2241 . . ..") Pretrial detainees requesting *habeas* relief in Federal Court must demonstrate "special circumstances." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973)("[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."); Dickerson v. Louisiana, 816 F.2d 220, 224 - 226 (5th Cir. 1987); Moore v. DeYoung, 515 F.2d 437, 443 (3rd Cir. 1975)("[J]urisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present.") Pretrial detainees allege special or extraordinary circumstances when the circumstances impact a constitutional right, *habeas* relief would not result in dismissal of the pending criminal proceedings and the pretrial detainee has exhausted all remedies prior to seeking *habeas* relief. Braden, 410 U.S. at 489 - 490, 93 S.Ct. at 1126 - 1127; Dickerson, 816 F.2d at 225 - 226. Obviously, the

6

circumstances under which pretrial detainees might make a viable claims for *habeas* relief are extremely limited. Thus, though District Courts can consider pretrial detainees' petitions under Section 2241, they rarely, if ever, do so finding that (1) they should abstain from exercising jurisdiction and/or (2) they do not have jurisdiction because petitioners have not exhausted State and Federal Court remedies. See for example Chaparro v. Reardon, 2014 WL 4662233 (D.N.J.); Elkins v. United States, 2012, WL 1016066 (W.D.Va.)("[C]ourts routinely dismiss as premature habeas petitions filed during the defendant's criminal trial and raising claims that should be addressed as part of the criminal proceedings."); Mitchell v. Harry, 2013 WL 6283691 (M.D. Pa.); Smith v. PA State Attorney General, 2011 WL 6012976 (M.D.Pa.); Davis v. South Carolina, 2008 WL 154126 (D.S.C.); Clark v. Anderson, 2001 WL 1631538 (N.D. Tex.); Moore v. United States, 875 F.Supp. 620 (D.Neb. 1994). The District Court should do the same in this case.

     The circumstances underlying Petitioner's claims of violations of her Fourth and Fourteenth Amendment rights to be free from false arrest and due process violations do not qualify as special or extraordinary circumstances justifying their consideration under Section 2241. By her claims, Petitioner essentially challenges the integrity of the investigations and evidence against her in the Cabell County criminal proceedings. Petitioner further alleges that she was acting in self defense. While these claims indicate that there may be evidentiary issues impacting Petitioner's trial in Cabell County Circuit Court, they do not indicate violations of Petitioner's constitutional rights as Petitioner claims. Clearly, Petitioner is seeking to undermine those State Court proceedings by seeking relief under Section 2241 when she has the opportunity to raise all such claims in those proceedings and on appeal if necessary through her attorneys to the extent that they have merit. In view of the nature of the claims which Petitioner is attempting to raise under Section 2241, the

District Court should abstain from exercising jurisdiction over Petitioner's *habeas* claims based upon Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and the availability of process in the West Virginia Circuit and Appeals Courts for consideration of the claims which she is attempting to raise in this Court under Section 2241. "Under the Younger-abstention doctrine, interest of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-38, 104 S.Ct. 2321, 2327, 81 L.Ed.2d 186 (1984). The Fourth Circuit has recognized that "Younger abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Employers Resource Management Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995), cert. denied, 516 U.S. 1094, 1167 S.Ct. 816, 133 L.Ed.2d 761 (1996). A Court should disregard Younger's mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006)(internal quotations omitted). To prevail under the bad faith exception, petitioner must show "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." Suggs v. Brannon, 804 F.2d 274, 278 (4th Cir. 1986). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps v. Hamilton, 122 F.3d 885, 890 (10th Cir. 1997).

The Younger abstention doctrine applies in the instant case. First, State Court proceedings are pending and ongoing as Petitioner has yet to stand trial in the Circuit Court of Cabell County upon the charges contained in the Criminal Complaints in State v. Lucas, Criminal Action Nos. 14-F-529 and 14-F-530 (State v. Lucas, Criminal Action No. 14-B-327). Second, that pending State criminal proceeding clearly involves an important State interest. The State of West Virginia has an important interest in maintaining the efficient operation of its criminal justice system in determining Petitioner's innocence or guilt of those charges without undue federal interference. Third, the matters in controversy are ongoing and Petitioner will have an adequate opportunity to present the claims which she is attempting to present in this Court under Section 2241 in State Court proceedings. See Gilliam v. Foster, 75 F.3d at 881, 904 (4th Cir. 1996)(Generally, "a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."). Finally, there is no indication in this matter that the District Court should make any exception to abstention. Specifically, though Petitioner claims to the contrary, there is no indication of bad faith or harassment by State officials who have handled the investigation and Petitioner's prosecution or that the law to be applied in her prosecution violates her constitutional rights. Rather, it appears that State officials are prosecuting Petitioner with a reasonable expectation of obtaining a valid conviction and constitutionally in conformity with West Virginia procedural and substantive law.

**2.      Section 2254 Challenge to Conviction of Child Abuse:**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that state prisoners must exhaust available state remedies prior to filing a § 2254 petition in federal court. 28 U.S.C. § 2254(b)(1)(A); see also,

McDaniel v. Holland, 631 F.Supp. 1544, 1545 (S.D. W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies."). Section 2254(b)(1)'s exhaustion requirement can be satisfied in either one of two ways: (1) the Petitioner can fairly present all claims in state court, or (2) the Petitioner's claims will be deemed exhausted if no state remedies are currently available. See Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Fair presentation requires the Petitioner to (1) present the same claims (2) to all appropriate state courts. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.), cert. denied sub nom., Matthews v. Moore, 522 U.S. 833, 118 S.Ct. 102, 139 L.Ed.2d 57 (1997). Presentation of the same claim "contemplates that 'both the operative facts and the 'controlling legal principles'' must be presented to the state court." Id. (quoting Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) (quoting Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 886, 130 L.Ed.2d 865 (1995); see also Baldwin v. Reese, 541 U.S. 27, 32, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004)(stating that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on

which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal'"). Petitioner must also provide the state court with the facts supporting the claimed constitutional violation and "explain how those alleged events establish a violation of his constitutional rights." Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). The requirement of presentation of the same claim to all appropriate state courts is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). This requirement is satisfied by presentation to the state's highest court on either direct or collateral review. Id. at 844, 119 S.Ct. at 1732. In West Virginia, prisoners may exhaust their available State court remedies by the following: (1) stating cognizable federal constitutional claims in a direct appeal to the West Virginia Supreme Court of Appeals; (2) stating cognizable federal constitutional claims in a petition for a writ of *habeas corpus* in a State circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the West Virginia Supreme Court of Appeals; or (3) filing a petition for writ of *habeas* corpus under the West Virginia Supreme Court's original jurisdiction and receiving a dismissal with prejudice. Moore v. Kirby, 879 F.Supp. 592, 593 (S.D.W.Va. 1995); McDaniel v. Holland, 631 F.Supp. 1544, 1545-46 (S.D.W.Va. 1986).

Based upon a review of the record, the undersigned finds that Petitioner clearly has not exhausted her State remedies. Petitioner filed her Section 2254 Petition prior to being convicted of an offense. Since the filing of her Petition, Petitioner was convicted of Child Abuse and sentenced by the Circuit Court of Cabell County on May 21, 2015, in Case No. 14-F-515. (Document No. 18, pp. 8 - 10.) Thus, Petitioner clearly filed her federal *habeas* Petition prior to exhausting her State

11

court remedies. Accordingly, undersigned recommends that Respondent's Motion for Summary Judgment be granted.[4]

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Respondent's Motion for Summary Judgment (Document No. 16.), **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

---

[4] To the extent, Petitioner is challenging the abuse and neglect proceedings involving her children, the undersigned finds that her claim must be dismissed. "Under the *Rooker-Feldman* doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)(*citing District of Columbia Ct. App. v. Feldman*, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 1314-17, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923)); *also see Friedman's Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002)(*quoting Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 196 (4th Cir. 2002)("[F]ederal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'")). The Fourth Circuit has explained that "the *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Virginia Dept. of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006). In the instant case, Petitioner is essentially asking this Court to review and reject the findings of the Circuit Court of Cabell County. In support of her request, Petitioner first alleges that the Circuit Court made incorrect findings during the abuse and neglect proceeding concerning her children. Petitioner further contends that the Circuit Court improperly placed her son in a mental hospital. Thus, Petitioner is essentially requesting that this Court review and reject the decisions of the Circuit Court of Cabell County. Accordingly, the undersigned finds that the *Rooker-Feldman* Doctrine precludes Petitioner's indirect attempt to appeal a State Court decision to this Court.

Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: December 28, 2015.

R. Clarke VanDervort
United States Magistrate Judge