IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANGEL MARIE LUCAS,

          Petitioner,

v.                                           CIVIL ACTION NO.   2:15-cv-00626

MICHAEL FRANCIS,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Petitioner Angel Marie Lucas' Motion for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 [ECF 1] and Respondent Michael Francis' Motion for Summary Judgment.  [ECF 16.]  By Standing Order entered on May 7, 2014, and filed in this case on January 22, 2015, this action was referred to Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation for disposition ("PF&R").  Magistrate Judge VanDervort filed his PF&R on December 28, 2015, recommending that this Court grant Respondent's motion for summary judgment, dismiss Petitioner's habeas corpus petition, and remove this matter from the Court's docket.

                *I.*        *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

Petitioner filed her § 2254 Petition on January 14, 2015.  At the time of filing, Petitioner was a pre-trial detainee being housed in Southwestern Regional Jail in Holden, West Virginia.  A detailed history of her underlying state criminal charges is set forth in the PF&R.  The Petition sets forth a number of grievances against the West Virginia judicial system and West Virginia Child Protective Services.  Specifically, Petitioner questions the sufficiency of the State's

evidence, raises affirmative defenses to the charges for which she is being detained, and complains of general difficulties she encountered while temporarily released on home confinement. On April 23, 2015, Respondent filed a motion for summary judgment claiming that Petitioner's claims were not cognizable under either 28 U.S.C. § 2241 or § 2254. According to state court filings submitted in further support of her Petition, Petitioner entered a *Kennedy* plea to a misdemeanor offense in the Circuit Court of Cabell County, West Virginia on May 21, 2015. She was sentenced to a term of incarceration of six months, with credit for time served. (ECF 19-1 at 9.)

Magistrate Judge VanDervort liberally construed Petitioner's *pro se* filings and evaluated her claims under the legal standards set forth in both 28 U.S.C. § 2241 and § 2254. He found that neither statute supports an award of habeas relief because Petitioner had not alleged that she was being held in violation of her constitutional rights (as required by § 2241) and had not exhausted the remedies available to her in state court (as required by §2254). The PF&R was mailed to Petitioner's last known address at Western Regional Jail in Barboursville, West Virginia but was returned as undeliverable on January 14, 2016. (ECF 21.) A search of the West Virginia Department of Correction's Inmate Locator indicated that Petitioner has been released from custody. On January 15, 2016, a call to the Western Regional Jail confirmed that Petitioner was released from custody on September 2, 2015.

## II.   ANALYSIS

Title 28 U.S.C. §§ 2241 and 2254 provide a remedy only when a prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3); 28 U.S.C. 2254(a). Furthermore, the United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const. art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988). When a case or controversy no longer exists, the

claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. Appx. 295, 2006 WL 1194751 (4th Cir. 2007).

Petitioner was released from custody and has not shown the existence of collateral consequences arising upon the expiration of her sentence. *See Spencer*, 523 U.S. at 14. If she wished to continue her pursuit of habeas relief following her release from incarceration, it was incumbent on her to apprise the Court of her current address. *See* Local R. Civ. P. 83.5 ("A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number."). This case has been rendered moot and the Court therefore dismisses the § 2254 Petition.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES AS MOOT** Petitioner's § 2254 Petition [ECF 1] and Respondent's Motion for Summary Judgment [ECF 16], **DECLINES TO ADOPT AS MOOT** the PF&R [ECF 20], and **DISMISSES** this action from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 21, 2016

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE